People v Lewis (2024 NY Slip Op 05736)

People v Lewis

2024 NY Slip Op 05736

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, GREENWOOD, NOWAK, AND KEANE, JJ.

792 KA 21-00453

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT C. LEWIS, DEFENDANT-APPELLANT. 

STEVEN A. FELDMAN, MANHASSET, FOR DEFENDANT-APPELLANT. 
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a resentence of the Steuben County Court (Chauncey J. Watches, J.), rendered January 6, 2021. Defendant was resentenced upon his conviction of rape in the first degree. 
It is hereby ORDERED that said appeal is unanimously dismissed.
Memorandum: Defendant appeals from a resentence pursuant to which County Court increased to the lawful minimum the postrelease supervision component of the sentence previously imposed on his conviction, following a jury trial, of rape in the first degree (Penal Law former § 130.35 [2]). Defendant's sole contention on appeal is that we should remit the matter for a hearing on his claim, raised during the resentencing proceeding, that he was denied effective assistance of counsel during plea negotiations because trial counsel purportedly misadvised him regarding the minimum period of postrelease supervision he faced if convicted after trial, which erroneous advice allegedly led him to reject pretrial plea offers that would have resulted in a less severe sentence (see generally Lafler v Cooper, 566 US 156, 162-163 [2012]). Defendant's contention regarding the effectiveness of trial counsel during plea negotiations is not, however, reviewable on appeal from the resentence (see CPL 450.30 [3]; People v Luddington, 5 AD3d 1042, 1042 [4th Dept 2004], lv denied 3 NY3d 643 [2004]). The proper procedural vehicle to review defendant's contention is a motion to vacate the judgment of conviction pursuant to CPL 440.10 (see generally People v McNair, 294 AD2d 952, 952 [4th Dept 2002], lv denied 98 NY2d 699 [2002]). Inasmuch as defendant does not raise any contentions regarding the resentence, we dismiss the appeal (see generally People v Parrilla, 227 AD3d 1419, 1419-1420 [4th
Dept 2024]; People v Woodward, 189 AD3d 2107, 2107-2108 [4th Dept 2020]).
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court